# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.:

GABRIEL PENA,

    Plaintiff,

vs.

JKA IRRIGATION OF SOUTH FLORIDA, INC.
JKA PEST CONTROL, INC.
BETH BROWN

    Defendants.
_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, GABRIEL PENA, through counsel, sues Defendants, JKA IRRIGATION OF SOUTH FLORIDA, INC., JKA PEST CONTROL, INC., and BETH BROWN and alleges the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiff resides in Broward County, Florida and is a past or current employee of Defendants.

3. Defendant, JKA IRRIGATION OF SOUTH FLORIDA INC., (Hereinafter "JKA IRRIGATION") is a Florida corporation which is registered and is conducting business within the State of Florida.

4. Defendant, JKA PEST CONTROL, INC. (Hereinafter "JKA PEST CONTROL") is a Florida corporation which is registered and is conducting business within the State of Florida.

5. At all times material hereto, Defendant JKA IRRIGATION was engaged in commerce as a land maintenance company, watering of land, repairing and installing pipes, pumps, and control tanks. As part of its operations, it caused its employees inlcuding Plaintiff to handle materials and further utilized equipment and tools that were manufactured in other states and had moved in interstate commerce.

6. At all times material hereto, Defendant JKA PEST CONTROL was engaged in commerce as a pest control company, servicing customers to help eradicate or control the infestation of insects and animals from homes and/or commercial buildings and/or land. As part of its operations, it caused its employees inlcuding Plaintiff to handle materials and further utilized equipment and tools that were manufactured in other states and had moved in interstate commerce.

7. At all times material hereto, Defendant JKA IRRIGATION was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was an "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

8. At all times material hereto, Defendant JKA PEST CONTROL was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was an "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

9. At all times material hereto, Defendant, BETH BROWN, upon information and belief was a resident of the jurisditction of the Court and was, and now is, the managing agent, director and/or owner of both Defendants, JKA IRRIGATION and JKA PEST CONTROL. BETH BROWN acted and acts directly in the interest of both Defendants, in relation to her employees. Defendant BETH BROWN effectively dominates both corporate Defendants administratively or otherwise acts, or has the power to act, on behalf of the two Defendant corporations vis-a-vis their employees and had the authority to direct and control the work of others. Thus, Defendant BETH BROWN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

**GENERAL ALLEGATIONS**

10. In justifiable reliance upon Defendant JKA IRRIGATION'S representations and promises, Plaintiff accepted employment and began working for Defendant as a maintenance worker for JKA IRRIGATION.

11. At all times material hereto, both Defendants JKA IRRIGATION and JKA PEST CONTROL jointly controlled Plaintiff's employment thereby qualifying them as joint employers as more fully defined by 29 C.F.R. 791.2(a).

12. During most of the relevant period, Plaintiff performed and continues to perform services as a maintenance worker for JKA IRRIGATION.

13. During a portion of approximately the first three months of his employment, Plaintiff performed services for JKA PEST CONTROL.

14. Plaintiff worked an average of 60 hours per week. Defendants arranged Plaintiff's earnings to conceal the overtime hours worked by paying Plaintiff straight time through JKA IRRIGATION and JKA PEST CONTROL.

15. JKA PEST CONTROL pays Plaintiff so that the remaining Defendants can evade their responsibilities under the Fair Labor Standards Act.

16. From on or about January 10, 2015, through May 1, 2015 (16 weeks), Plaintiff Gabriel Pena worked an average of 60 hours per week and was paid an average of $13.00 an hour but was never paid the extra halftime overtime rate ($6.5) for hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time rate for the 20 hours of overtime he averaged each week. Accordingly, the estimated amount of damages owed to Plaintiff from 1/10/15 through 5/1/15 is as follows: 16 weeks worked x $6.5 (half time rate) x 20 overtime hours per week = $2,080.

17. Under the Fair Labor Standards Act, Plaintiff is owed liquidated damages of approximately $2,080 x 2 (liquidated damages) = $4,160 in total damages for the period of 1/10/15 through 5/1/15.

18. From on or about May 2, 2015, through June 11, 2017 (110 weeks), Plaintiff Gabriel Pena worked an average of 60 hours per week and was paid an average of $26.09 an hour but was never paid the extra halftime overtime rate ($13.05) for hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for the 20 hours of overtime he averaged each week. Accordingly, the estimated amount of damages

owed to Plaintiff from 5/2/15 through 6/11/17 is as follows: 110 weeks worked x $13.05 (half time rate) x 20 overtime hours per week = $28,710.00.

19. Under the Fair Labor Standards Act, Plaintiff is owed liquidated damages of approximately $28,710.00 X 2 (liquidated damages) = $57,420.00 in total damages for the period of 5/2/15 through 6/11/17.

20. Plaintiff's total damages are estimated at $57,420 + $4,160 = $61,580.00.

21. Defendants have knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that he was not exempt from overtime.

22. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

23. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

24. Plaintiff reavers and realleges paragraphs 1- 23 herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

26. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone:         (954) 585-4878
Facsimile:    (954) 585-4886
E-Mail: JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409
Joseph Perea, Esquire
Bar No.: 47782